IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT

DATE: _/·24·20_

TIME: _10:15 a_

INITIALS: _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-20406 |
| | ) | |
| SAM BLUE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, SAM BLUE, by and through his counsel, and the United States, through the United States Attorney for the Western District of Tennessee, and the undersigned Assistant U.S. Attorney, have reached the following agreement.

1.    The Defendant agrees:

(A)    to plead guilty to Counts One and Two of the Second Superseding Indictment;

(B)    to waive his rights to appeal any and all issues related to the case, except for the issues of 1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) the application of U.S.S.G. § 2A4.1 to determine the offense level under Count One of the Second Superseding Indictment; said waiver includes, but is not limited to, a motion brought pursuant to 28 U.S.C. § 2255;

(C)    that his knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that 1) the statutes to which the defendant is pleading guilty are unconstitutional and 2) the admitted conduct does not fall within the scope of the statute;

(D)    that he is pleading guilty, knowingly and voluntarily, because he is in fact guilty of the violations alleged in the Second Superseding Indictment;

(E)    that the special assessment of $100 per count is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

(F)    to notify and to surrender his Tennessee law enforcement certification to the Tennessee Peace Officer Standards and Training (POST) Commission located at 3025 Lebanon Pike, Annex Building, Nashville, TN 37214.  This surrender shall be effective upon Defendant's signature of this plea agreement, and Defendant expressly waives all further procedural steps and

expressly waives all rights to seek judicial review of or to challenge or contest the validity of surrendering his/her law enforcement officer certification to the Tennessee POST Commission.

2.      The parties agree that the Defendant reserves the right at sentencing to challenge the application of U.S.S.G. § 2A4.1 to determine the offense level under Count One. Should the Court determine that this section does not apply to the Defendant's conduct, then the penalty for Count One is not more than ten years imprisonment, not more than a $250,000 fine or both, not more than three years of supervised release, and a mandatory special assessment of $100. If the Court finds that U.S.S.G. § 2A4.1 does apply to the determination of the offense level, the penalty for this Count is any term of years, or for life, or both, or may be sentenced to death, not more than a $250,000 fine, or both, not more than 5 years of supervised release, and a mandatory special assessment of $100. If the Court determines that § 2A4.1 does apply, this will not be a basis for the Defendant to withdraw his plea of guilty.

3.      The United States agrees, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, to recommend that the Defendant receive three points for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided he continues to exhibit acceptance of responsibility. The Defendant understands that if, in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, this position could change.

4.      Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.  The Defendant understands that any discussions with his attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

5.      If the United States, solely within its discretion, judges that the Defendant has violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, or if the Defendant attempts to withdraw the plea, or if he engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of his criminal involvement, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits.  Such a breach by the Defendant would not release the Defendant from this plea of guilty.

6.      It is contemplated that the Government may recommend to the Court a departure in the defendant's sentence pursuant to U.S. Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e).  This would be solely within the discretion of the Government and is not part of the plea agreement.  The defendant acknowledges that the Government's determination of whether the defendant has cooperated fully and provided substantial assistance, and the Government's assessment of the value, truthfulness and completeness of the defendant's assistance, is solely within the judgment and discretion of the Government and shall be binding on the defendant. Additionally, the defendant understands that the United States retains complete discretion in

determining whether a departure motion will be filed. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, including the defendant's provision of complete and truthful information which assists in the investigation or prosecution of other individuals and complete and truthful testimony at subsequent proceedings when needed.

      7.    This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the Defendant or to the Defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties. The Defendant acknowledges that he has reviewed the Agreement with his attorney and that he is satisfied with his attorney's advice and counsel.


SAM BLUE
Defendant

1/24/2020
Date


HOWARD MANIS
Attorney for Defendant

1/24/20
Date


D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

By:

David Pritchard
Assistant U.S. Attorney

1/24/20
Date